In the Matter of ALFRED H. NEWBURGER et al., Appellants, against ABRAHAM P.. LUBELL, Respondent, Impleaded with Another.

(Argued May 11, 1931; decided July 15, 1931.)

*Osmond K. Fraenkel* and *William Brafman* for appellants. There is a controversy between petitioners and

respondent, within the terms of the arbitration agreement. (*Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 N. Y. 22; *Matter of Wenger* v. *Propper Mills*, 239 N. Y. 199; *Matter of Kelley*, 240 N. Y. 74; *Matter of Buccini* v. *Paterno Constr. Co.*, 253 N. Y. 256.)

*Frederick Zorn* and *Joseph Kahn* for respondent. Petitioners are not entitled to arbitration, because they are seeking to enforce rights under an agreement which contains no arbitration clause. (*Matter of Hosiery Mfrs. Corp.* v. *Goldston,* 238 N. Y. 22; *Matter of Kelley*, 240 N. Y. 74.)

LEHMAN, J. The plaintiffs are a firm of stockbrokers having a membership in the New York Stock Exchange. The defendant Abraham P. Lubell bought and sold securities through them, and on June 3d, 1926, signed an agreement governing his relations with the plaintiffs as his brokers " in the purchase and sale of securities." Under the terms of that agreement, the plaintiffs were authorized to " close out " the defendant's account by purchase or sale of securities whenever the brokers might deem it necessary for their protection. The agreement contained a provision that " any controversy arising between us shall be determined by arbitration pursuant to the Arbitration Law of the State of New York." On or about October 25th, 1929, Abraham P. Lubell executed a written guaranty for any debit balance in the account of Jacob J. Lubell with the plaintiffs, and agreed with the plaintiffs " that you shall have a lien on and may hold as collateral security for said account or accounts any and all securities and equities you may hold or have in any account for me at any time." That guaranty contained no provision for the arbitration of any controversy arising between the parties.

In December, 1930, the plaintiffs closed out the account of Jacob J. Lubell and demanded that the defendant Abraham P. Lubell should pay the resultant deficit in said account. Abraham P. Lubell, claiming that his

guaranty had been canceled, repudiated any existent obligation. Thereupon the plaintiffs charged the deficit in Jacob J. Lubell's account to the defendant's account, and closed out that account. Holding that the controversy between the parties arises under the guaranty signed by Abraham P. Lubell, the courts below have refused to compel him to submit that controversy to arbitration.

Though the controversy arises under the agreement of guaranty, it is not confined to that agreement. It involves the right of the plaintiffs to hold the securities in Abraham P. Lubell's account as collateral security for the account of his brother, and to close out the account of Abraham P. Lubell for the protection of the broker. He agreed that all controversies in regard to that account should be determined by arbitration. The courts must enforce that agreement according to its terms. When the agreement was made fixing the conditions upon which the account should be carried by the plaintiffs, the parties did not determine what transactions would thereafter be reflected in the account. They contemplated that orders would be given and accepted from time to time in regard to securities in that account. Though each new transaction might constitute a contract between the parties yet in so far as such transactions were reflected in, or became part of, the defendant's account with the plaintiffs, they were governed by the original agreement so far as applicable. All disputes concerning such transactions must be determined by arbitration.

Here, it is true, the controversy concerns no order to buy or sell securities for Abraham P. Lubell's account. None the less, it concerns a transaction which was intended to be reflected in and become part of his account. So he expressly agreed in his contract of guaranty. Claiming to act under authority conferred upon them by Abraham P. Lubell, the plaintiffs have sold the securities in his account for their protection. Lubell denies that

they had such authority. The clear intent of the agreement between the parties was that any controversy concerning the manner in which the plaintiffs dealt with the securities in their customer's account should be determined by arbitration, and it is immaterial how that controversy arises.

The plaintiffs in their petition have asked that the arbitration should determine any amount owing on the guaranteed account, so that they may have a judgment for the deficiency against the guarantor upon the sale of his securities. Now they concede that they are not entitled to this relief. The controversy concerning the account of the guarantor is confined to the authority of the plaintiffs to dispose of the securities or contracts in his account, and that controversy should be determined by arbitration.

The order of the Appellate Division and that of the Special Term should be reversed and the motion granted to the extent indicated in this opinion, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.